**Diana M. (Gurney) BOWLES, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee,**

and

**Walter Curtis Hill, Richard Gale, Bridgestone Corporation, and Nissan Motor Company, Ltd., Defendants.**

**No. 89–3367.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 30, 1990.

Decided Nov. 20, 1991.

Timothy Michael Broas, Anderson, Hibey, Nauheim & Blair, Washington, D.C., argued (Richard A. Hibey and Steven M. Alderton, on brief), for plaintiff-appellant.

Robert C. Erickson, Jr., Asst. U.S. Atty., Alexandria, Va., argued (Henry E. Hudson, U.S. Atty., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and HADEN, Chief District Judge for the Southern District of West Virginia, sitting by designation.

OPINION

PER CURIAM:

■ Diana Bowles appeals the district court's dismissal of the United States as a defendant in a tort action brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Because we agree with the district court that "the inquiry necessary for the plaintiff to establish liability on the United States ... would necessarily reveal matters covered by the [state secrets] privilege," we affirm.

■ Mrs. Bowles was seriously injured in a one-car accident in the Sultanate of Oman. The vehicle involved was owned by the United States government and was driven by a government employee, Walter Curtis Hill. Mrs. Bowles alleged that her injuries resulted from the negligence of State Department personnel, located in Washington, D.C.[1] Specifically, she claimed the Washington personnel: (1) failed to train and supervise State Department personnel stationed in Oman; (2) failed to act in accordance with the State Department's own recordkeeping regulations, and; (3) failed to exercise due care in selecting and purchasing the tires used on the vehicle. Had she not alleged the commission of negligent acts in the United States her claims would have been barred by the foreign claim exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(k).[2]

---

1. Bowles also named Walter Curtis Hill, Richard Gale, Bridgestone Corporation, and Nissan Motor Corporation as defendants. The issue before us involves only the district court's dismissal of the United States as a party.

2. The United States has, for some tort claims, waived its sovereign immunity. 28 U.S.C. § 2674. However, there are numerous exceptions to a general waiver. 28 U.S.C. § 2680. One exception, § 2680(k), provides that the waiver does not apply to "[a]ny claim arising in a foreign country." Therefore, the United States remains immune from suit for claims arising in a foreign country.

In her discovery requests, Mrs. Bowles sought documents dealing with the purchase, insurance, inspection, and maintenance of the vehicle involved in the accident. She also requested documents concerning Richard Gale and Hill's fitness and authorization to operate and actual use of motor vehicles in Oman. She also asked for documents concerning the organization and operation of the motor pool at the U.S. Embassy in Oman.

 The Secretary of State asserted the state secrets privilege in response to the plaintiff's discovery request. This privilege was recognized by the Supreme Court in *United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953). To properly invoke the privilege, "[t]here must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." 345 U.S. at 7–8, 73 S.Ct. at 532. The Secretary of State in the case at hand properly invoked the privilege by stating that he was "asserting a formal claim of privilege ... based upon information conveyed to [him] by United States Government advisers in the course of their official duties and *upon [his] own personal determination* that the nature of the information in question require[d] an assertion of privilege."

"Once the state secrets privilege has been properly invoked, the district court must consider whether and how the case may proceed in light of the privilege. The court may fashion appropriate procedures to protect against disclosure." *Fitzgerald v. Penthouse Int'l, Ltd.*, 776 F.2d 1236, 1243 (4th Cir.1985). However, "in some circumstances sensitive military secrets will be so central to the subject matter of the litigation that any attempt to proceed will threaten disclosure of the privileged matters." 776 F.2d at 1241–42. If the case cannot be tried without compromising sensitive foreign policy secrets, the case must be dismissed. *Cf. Fitzgerald v. Penthouse Int'l, Ltd.*, 776 F.2d at 1243–44. Because dismissal is a drastic action it should be invoked "[o]nly when no amount of effort and care on the part of the court and the parties will safeguard [the] privileged material." 776 F.2d at 1243–44.

We are of opinion that this is a case where no amount of effort or care will safeguard the privileged information. The government's *in camera* submission sets forth in some detail the nature of the privileged information and it is evident that the case against the United States cannot be tried without compromising the information sought to be protected. Therefore, the district court did not err in dismissing the United States as a party. Accordingly, the judgment of the district court is

AFFIRMED.