**Grace B. TILDEN, Plaintiff,**

v.

**George J. TENET, Defendant.**

**No. CIV. A. 00–987–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 27, 2000.

---

38. Transcript, p. 173

624

Roy W. Krieger, Paleos & Krieger, P.C., Alexandria, VA, for Grace B. Tilden, Plaintiff.

Jeri K. Somers, Richard Parker, U.S. Attorney's Office, Alexandria, VA, for George J. Tenent, Defendants.

## ORDER

HILTON, Chief Judge.

This matter comes before the Court on Defendant's motion for leave to invoke *in camera* proceedings. Plaintiff,[1] an employee of the Central Intelligence Agency ("CIA"), has brought suit against Defendant alleging gender discrimination in the workplace.

---

1. Plaintiff's name is a pseudonym provided by the Defendant to protect national security during this litigation.

Defendant is presently the Director of Central Intelligence ("DCI") of the United States. As such, he is the head of the CIA and of the United States' intelligence community. As DCI, he is the official custodian of the files and records of the CIA. He is charged under law with protecting intelligence sources and methods from unauthorized disclosure.

Plaintiff's counsel made several discovery requests on the CIA for the production of documents and files. In response to these requests and in anticipation of making a motion to dismiss, Defendant has asserted a formal claim of states secret privilege and a formal claim of statutory privilege of the DCI and the CIA to protect intelligence sources and methods, pursuant to 50 U.S.C. §§ 403–3(c)(6), 403g. In support of his claims of privilege, Defendant has filed an unclassified declaration, submitted under penalty of perjury, that he has personally evaluated the document requests and concluded that the information sought by Plaintiff is classified, sensitive information that Defendant, as DCI, is bound by law to protect. In the declaration, he also states that the national security of the United States will be seriously damaged if disclosure is permitted. He argues that if disclosure is made, covert employees of the CIA will be compromised, CIA procedures will be disclosed, the ability to collect additional intelligence in certain areas will be jeopardized, foreign relations will be adversely impacted, and lives could be put in serious risk. Details concerning the exercise of these privileges have been set forth in a classified declaration that is under seal in a secured facility. Defendant's motion, in essence, requests this Court to review the classified declaration *in camera.*

Plaintiff does not object to the *in camera* nature of the proposed review but, rather, to its *ex parte* nature. Plaintiff's counsel states that he has been given a security clearance that would permit him to review the classified affidavit. Plaintiff argues that Defendant's "blanket" exercise of privilege is unwarranted and that lesser remedies could be used that would still adequately protect national security while allowing Plaintiff's case to go forward.

■ Based on the representations of the DCI in his unclassified declaration, the Court finds sufficient cause to proceed *in camera* to review the classified declaration not only as to the exercise of privilege in reference to Plaintiff's discovery requests but also in anticipation of Defendant's motion to dismiss which the United States Attorney has represented will require the Court to review the classified declaration.

Plaintiff's concerns about the scope of the privileges asserted in this case are well noted but nonetheless premature. The motion presently before the Court merely asks that the classified declaration be considered by the Court in anticipation of Defendant's motion to dismiss and/or, presumably, a motion to quash. Plaintiff's argument that there exists alternatives to dismissal will be considered if and when the Defendant moves to dismiss on the basis of privilege. At this point in time, however, the Court is merely being asked to review the classified declaration so that the Court can, at a later point, perform a proper analysis of whether disclosure would damage the national security. This is the proper procedure in cases like this. *See In re Under Seal,* 945 F.2d 1285 (4th Cir.1991) (*in camera* affidavit reviewed by both the district court and court of appeals without being disclosed to plaintiff's counsel); *Fitzgerald v. Penthouse International, Ltd.,* 776 F.2d 1236, 1243 n. 9 (4th Cir.1985) (*in camera* affidavit reviewed by court of appeals); *Farnsworth Cannon, Inc. v. Grimes,* 635 F.2d 268 (4th Cir.1980) (en banc) (*in camera* affidavit reviewed by court of appeals sitting en banc).

■ As to Plaintiff's counsel's request to participate in the Court's *in camera* review, courts have routinely denied attorneys' requests to participate in *in camera* reviews even when the attorneys have security clearances. *See Ellsberg v. Mitchell*, 709 F.2d 51, 61 (D.C.Cir.1983) (noting "well settled" law that requestor's counsel not permitted to participate in *in camera* examination of documents over which privilege is claimed); *Halkin v. Helms*, 598 F.2d 1, 7 (C.A.D.C.1978) (plaintiff's counsel not permitted to review *in camera* affidavit asserting states secrets privilege). "The rationale for this rule is that our nation's security is too important to be entrusted to the good faith and circumspection of a litigant's lawyer (whose sense of obligation to his client is likely to strain his fidelity to his pledge of secrecy) or to the coercive power of a protective order." *Ellsberg*, 709 F.2d at 61.

For those reasons it is hereby,

ORDERED that Defendant's motion for leave to invoke *in camera* proceedings is GRANTED, and Defendant's counsel shall contact chambers to arrange for *in camera* inspection of the DCI's classified declaration prior to hearing on any motion to dismiss or motion to quash.

### ORDER

■ This matter comes before the Court on Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). As is discussed below, the Court has considered materials outside the pleadings in rendering its decision. Accordingly, Defendant's motion to dismiss must be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). Plaintiff filed materials outside the pleadings as well, and they have been considered by the Court.

This case involves a complaint of sex discrimination by an employee of the Central Intelligence Agency ("CIA"). The question before the Court in Defendant's motion is whether the claim of state secrets raised by the Director of Central Intelligence prevents this case from going forward.

■ Heads of the departments of the executive branch have the privilege to withhold information from disclosure when to do so would adversely affect the national security. *See United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953). For the Defendant, the privilege is in fact a legal obligation. The Director of Central Intelligence is charged under the law with the responsibility of protecting the nation's secrets and intelligence sources and methods against unwarranted disclosure. *See* 50 U.S.C. § 403–3(c)(6); 50 U.S.C. § 403g. However, the Supreme Court has cautioned that the privilege "is not to be lightly invoked." *Reynolds*, 345 U.S. at 7, 73 S.Ct. 528. To invoke the privilege, it must be asserted formally by the head of the department which has control over the matter. *See id.* at 8, 73 S.Ct. 528. He must personally consider the matter. *See id.* Once the privilege is invoked, the role of the court is a limited one. *See Halkin v. Helms*, 598 F.2d 1, 9 (D.C.Cir.1978) (court must give "utmost deference" to executive assertions of privilege), *appeal after remand*, 690 F.2d 977 (D.C.Cir.1982). It must consider whether and how the case may proceed in light of the privilege. *See Fitzgerald v. Penthouse International, Ltd.*, 776 F.2d 1236, 1243 (4th Cir.1985). It is not for a court to second-guess the assertion of privilege. The only question is how or whether the case can proceed without the information.

The state secrets privilege has been properly invoked by the Defendant in this case. As Director of Central Intelligence, he is the head of the CIA and the proper executive branch official to invoke privilege in this matter. He has filed an unclassi-

fied declaration with this Court in which he states that he has personally reviewed the documents in question. He has also filed a classified declaration which this Court has reviewed *in camera* and *ex parte.*

■ Based on a review of the Director's classified declaration the Court concludes that there is no way in which this lawsuit can proceed without disclosing state secrets. Contrary to Plaintiff's assertion, there are no safeguards that this Court could take that would adequately protect the state secrets in question.[1] The Court is mindful that the invocation of the state secrets privilege in this case will deny the Plaintiff a forum under Article III of the Constitution for adjudication of her claim. Dismissal in the wake of a claim of state secrets privilege is an extraordinary but not unprecedented remedy. *See, e.g., Bowles v. United States,* 950 F.2d 154 (4th Cir.1991) (dismissal warranted because "no amount of effort or care will safeguard the privileged information."); *Fitzgerald,* 776 F.2d at 1243 (dismissal of defamation action warranted "because there was simply no way [the] case could be tried without comprising sensitive military secrets"); *Molerio v. Federal Bureau of Investigation,* 749 F.2d 815 (D.C.Cir.1984) (dismissal of Title VII lawsuit warranted because without disclosure of state secrets, insufficient evidence of discrimination existed); *Farnsworth Cannon, Inc. v. Grimes,* 635 F.2d 268, 281 (4th Cir.1980) (en banc) (on rehearing, affirmed dismissal of complaint in tortious interference of contract case based on assertion of state secrets privilege).

Plaintiff once again raises the issue of her counsel possessing a security clearance, which she argues defeats the claim of privilege. As this Court noted in its order granting the Defendant's request for this Court to review the Director's classified declaration, the security of our nation's secrets is too important to be left to the good will and trust of even a member of the Bar of this Court. Upon reviewing the Director's classified declaration, the Court finds that an *in camera* trial, utilizing court staff with security clearances, and swearing all participants to secrecy would not sufficiently safeguard the secrets outlined by the Director of Central Intelligence. The mere existence of such a trial would put state secrets in jeopardy, as the Director's classified declaration explains.

■ Plaintiff also argues that the Defendant has waived his claim of state secrets privilege through an internal CIA regulation concerning the agency's "equal employment opportunity program." The regulation states that "at any stage of the informal and formal EEO complaint process, complainants have the right to be accompanied, represented, and advised by a representative of their choice." However, the regulation itself is limited to the internal EEO process of the CIA and has no bearing on post-EEO judicial proceedings. Further, the opening paragraph of the regulation specifically states that compliance with employment-related civil rights laws is to be "in a manner consistent with the requirements of [national] security." This purported waiver of state secrets privilege is no waiver at all.

For those reasons it is hereby,

---

1. The difference of view between the Defendant and Plaintiff's counsel is probably best explained by the Fourth Circuit in *United States v. Marchetti:* "The significance of one item of information may frequently depend upon knowledge of many other items of information. What may seem trivial to the uninformed, may appear of great moment to one who has a broad view of the scene and may put the questioned item of information in its proper context." 466 F.2d 1309, 1318 (4th Cir.1972).

ORDERED that this case is DIS-
MISSED.